UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:19-CV-00150-HBB

**JEFFREY SCOTT MCINTOSH**                                                                **PLAINTIFF**

**VS.**

**ANDREW SAUL, COMMISSIONER**
**SOCIAL SECURITY ADMINISTRATION**                                 **DEFENDANT**

**MEMORANDUM OPINION**
**AND ORDER**

BACKGROUND

Before the Court is the complaint (DN 1) of the *pro se* Plaintiff, Jeffrey Scott McIntosh. He is seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both the Plaintiff (DN 17) and Defendant (DN 29) have filed a Fact and Law Summary. For the reasons that follow, the final decision of the Commissioner is **AFFIRMED,** and judgment is **GRANTED** for the Commissioner.

Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 19). By Order entered January 9, 2020 (DN 13), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

FINDINGS OF FACT

On November 6, 2015, Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income Benefits (Tr. 47, 307-09, 310-11, 312-17). Plaintiff alleged that he became disabled on July 1, 2014, as a result of lower back dislocated, high blood pressure, and concussion (Tr. 331). On April 30, 2018, Administrative Law Judge Dwight D. Wilkerson ("ALJ") conducted a video hearing from Louisville, Kentucky. Plaintiff and his attorney, Richard A. Vitale, participated from Bowling Green, Kentucky (Tr. 47, 67-69). Also present and testifying were Donald McIntosh, the Plaintiff's father, and William R. Harpool, an impartial vocational expert (Id.).

In a decision dated September 26, 2018, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 47-60). At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since July 1, 2014, the alleged onset date (Tr. 50). At the second step, the ALJ determined that Plaintiff has the following "severe" impairments: degenerative disc disease, hypertension, obesity, hearing loss, depression, a history of concussion with post-concussion syndrome, and neurocognitive disorder (Id.). At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 51).

The ALJ found Plaintiff has the residual functional capacity (RFC) to perform a range of light work because he can never climb ladders, ropes, or scaffolds; he can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; he must avoid even moderate exposure to hazards, including unprotected heights and dangerous machinery; he is able to understand,

remember, and carry out at least simple, routine tasks; he can make simple work-related decisions; he can relate appropriately with others on a casual basis; and he can adapt to routine changes and avoid normal hazards (Tr. 52-53). At the fourth step, relying on testimony from the vocational expert, the ALJ found that Plaintiff can perform his past relevant work as an inspector and hand packager (Tr. 59). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from July 1, 2014, through the date of the decision, September 26, 2018 (Tr. 60).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 292-306). The Appeals Council denied Plaintiff's request for review (Tr. 1-4).

## CONCLUSIONS OF LAW

### Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

3

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-4). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the decision of the ALJ, not the Appeals Council, and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993).

The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. *See* "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

> 2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?
>
> 3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?
>
> 4) Does the claimant have the RFC to return to his or her past relevant work?
>
> 5) Does the claimant's RFC, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fourth step.

Finding Nos. 3, 4, and 5

1. Arguments of the Parties

Generally, Plaintiff argues there is an absence of substantial evidence supporting the ALJ's determinations that he is not mental or physically disabled (DN 17 PageID 898-911; DN 17-1 PageID #931-44).  While Plaintiff challenges Finding Nos. 3, 4, and 5 with varying specificity, he primarily asserts the ALJ overlooked evidence in the record addressing the impact his mental and physical impairments have on his ability to perform basic work functions (Id.).  Additionally, he denies reporting to consultative examiner Dr. Lopez-Suescum that he is able to sit for four hours and stand for one-hour (Id. citing Tr. 420).  Plaintiff also relies on payroll time records he submitted to the Appeals Council (Exhibit 24F) to argue Drs. Sprague, Allen, and Grau erred when they indicated he was still working when they conducted their examinations in January 2016, January 2015, and October 2015, respectively (Id.).  Plaintiff asserts these errors in the reports

adversely influenced the medical opinion, the ALJ's view of the opinion, and the ALJ's decision (Id.). Plaintiff also disagrees with the ALJ's summary of his responses in the Pain and Daily Activities Questionnaire (Id. citing Tr. 342-46). Plaintiff also cites evidence that shows he meets Listings 1.04, 2.10, 12.02, 12.04

Defendant acknowledges Plaintiff's claim that he is mentally and physically disabled based on the record and that he meets Listings 1.04, 2.10, 12.02, and 12.04 (DN 29 PageID # 957, 959-76). Defendant counters that the ALJ cited substantial evidence supporting his findings, and the Court should affirm the ALJ's decision (Id.). Regarding Listings 1.04, 2.10, 12.02 and 12.04, Defendant asserts that Plaintiff fails to identify sufficient medical evidence showing he met all the criteria of any listing (Id.). Defendant asserts the ALJ reasonably determined Plaintiff has the RFC to perform a restricted range of light work with postural, environmental limitations, and certain mental limitations (Id. citing Tr. 52-59). In doing so, the ALJ considered the opinion evidence and assigned appropriate weight to the medical opinions in the record (Id.).

2. Discussion as to Finding No. 3

Finding No. 3 addressed the second step in the sequential evaluation process. At the second step, a claimant must demonstrate she suffers from a "severe medically determinable physical or mental impairment that meets the duration requirement . . . or a combination of impairments that is severe and meets the duration requirement . . . ." 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); Social Security Ruling 16-3p, 2017 WL 5180304, at *11 (Oct. 25, 2017); Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988) (per curiam). To satisfy the "severe" requirement the claimant must demonstrate the impairment or combination of impairments "significantly limit" his or her physical or mental ability to do "basic work activities."

20 C.F.R. §§ 404.1522(a), 416.922(a). The regulations define "basic work activities" as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1522(b), 416.922(b). To satisfy the "medically determinable" requirement the claimant must present objective medical evidence (i.e., signs, symptoms, and laboratory findings) that demonstrates the existence of a physical or mental impairment. 20 C.F.R. §§ 404.1521, 416.921; Social Security Ruling 16-3p, 2017 WL 5180304, at *11 (Oct. 25, 2017). To satisfy the "duration" requirement the impairment "must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R. §§ 404.1509, 416.909.

In Finding No. 3, the ALJ determined that Plaintiff "has the following severe impairments: degenerative disc disease, hypertension, obesity, hearing loss, depression, a history of concussion with post-concussion syndrome, and neurocognitive disorder (20 CFR 404.1520(c) and 416.920(c))" (Tr. 50, Finding No. 3). In the discussion that follows, the ALJ commented that although there are multiple mental diagnoses in the record—including major depressive disorder, persistent depressive disorder, dysthymic disorder, major neurocognitive disorder, mild neurocognitive disorder, anxiety disorder, and unspecified personality disorder—"depression and neurocognitive disorder are listed above as these are the most consistently diagnosed conditions" (Tr. 50). The ALJ then explained:

> However, in determining whether an individual is disabled, what the impairment is called is of no real consequence; rather how a given impairment affects mental functioning is the central inquiry under the Social Security Act. By finding the claimant to have a "severe" mental impairment, however characterized, all symptoms affecting his mental functioning have been considered. **It is the impact of the disease and in particular, any limitations it may impose upon the claimant's ability to perform basic work functions that is pivotal to the disability inquiry**.

(Id.) (emphasis added). In the remaining steps of the sequential evaluation process, the ALJ considered the limitations imposed by all of Plaintiff's mental diagnoses (*see* Tr. 51-60). Further, contrary to Plaintiff's assertion, the decision indicates the ALJ thoroughly considered the test results and diagnostic opinions expressed in the July 2014 report of psychological examiner Michael H. Cecil, Psy.D., HSPP, in assessing the limitations that all of the mental diagnoses may impose on Plaintiff's ability to perform basis work functions (Tr. 50, 51-52, 52-60 citing Tr. 654-58). Therefore, the ALJ's failure to find other mental diagnoses are "severe" impairments is legally irrelevant. *See* Anthony v. Astrue, 266 F. Appx. 451, 457 (6th Cir. 2008) (citing Maziarz v. Sec'y of Health & Human Servs., 837 F.2d 240, 244 (6th Cir. 1987)).

    3. Discussion as to Finding No. 4

Finding No. 4 addressed the third step in the sequential evaluation process. At this step, a claimant will be found disabled if his impairment meets or medically equals one of the listings in the Listing of Impairments. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); Turner v. Comm'r of Soc. Sec., 381 F. Appx. 488, 491 (6th Cir. 2010). The Listing of Impairments, set forth in Appendix 1 to Subpart P of the regulations, describes impairments the Social Security Administration considers to be "severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. §§ 404.1525(a), 416.925(a).

Each listing specifies "the objective medical and other findings needed to satisfy the criteria of that listing." 20 C.F.R. §§ 404.1525(c)(3), 416.925(c)(3). A claimant must satisfy all the criteria to "meet" the listing and be deemed disabled. *See* 20 C.F.R. §§ 404.1525(c)(3) and (d),

416.925(c)(3) and (d); Hale v. Sec'y of Health & Human Servs., 816 F.2d 1078, 1083 (6th Cir. 1984). However, a claimant is also deemed disabled if his impairment is the medical equivalent of a listing. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); Turner, 381 F. Appx. at 491. Medical equivalence means "at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. §§ 404.1526(a), 416.926(a). "An administrative law judge must compare the medical evidence with the requirements for listed impairments in considering whether the condition is equivalent in severity to the medical findings for any Listed Impairment." Reynolds v. Comm'r Soc. Sec., 424 F. Appx 411, 415 (6th Cir. 2011). Additionally, the administrative law judge looks to the opinions of the state agency medical advisors and/or the opinion of a testifying medical expert for guidance on the issue of whether the claimant's impairment is the medical equivalent of a listing. See 20 C.F.R. §§ 404.1526(c) and (d), 416.926(c) and (d); Social Security Ruling 17-2p, 2017 WL 3928306, at *3-4 (March 27, 2017); Deters v. Sec'y of Health, Educ. & Welfare, 789 F.2d 1181, 1186 (5th Cir. 1986).

The ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in Appendix 1 (Tr. 51, Finding No. 4). In the discussion that follows, the ALJ explained why he determined Plaintiff did not meet or medically equal the criteria for listings 1.04, 2.10, 12.02, and 12.04 (Tr. 51-52). Further, the ALJ explained that he considered Plaintiff's obesity in determining that no listing has been met or equaled (Id. citing Social Security Ruling 02-01p,).

As mentioned above, Plaintiff cites evidence that purportedly shows he meets Listings 1.04, 2.10, 12.02, and 12.04. But the question the Court must address is whether Finding No. 4 is supported by substantial evidence. 42 U.S.C. § 405(g); Smith v. Sec'y of Health and Human

Servs., 893 F.2d 106, 108 (6th Cir. 1989) (citing Mullen v. Sec'y of Health & Human Servs. 800 F.2d 535 (6th Cir. 1986). The ALJ noted that Listing 1.04 requires evidence of a spine disorder resulting in compromise of a nerve root or the spinal cord (Tr. 51). The ALJ explained that imaging in the record does not show evidence of compromise of a nerve root or the spinal cord (Id. citing Tr. 410-11, 414-15, 416-17). Additionally, the ALJ pointed out that physical examinations of Plaintiff have not shown evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and positive straight-leg raising test (sitting and supine) as described in paragraph "A" of the listing (Id. citing Tr. 420, 700-01). Further, the ALJ observed there is no indication of spinal arachnoiditis as described in paragraph "B" or lumbar spinal stenosis resulting in pseudoclaudication as described in paragraph "C" of Listing 1.04 (Id.).

Regarding Listing 2.10, the ALJ explained that the audiological testing has not shown results meeting the criteria of the listing (Tr. 51 citing Tr. 673 and 659-66). Nevertheless, Plaintiff misguidedly cites Dr. Pearlman's letter of September 12, 2014 in support of his contention that he meets Listing 2.10 (DN 17-1 PageID # 940 citing Tr. 660). Dr. Pearlman's letter indicates that Plaintiff's word recognition scores were 64% in the right ear, 52% in the left ear, and his binaural discrimination was 72% (Tr. 660). But Paragraph "B" of the listing requires a word recognition score of 40% or less in the better ear. Thus, Dr. Pearlman's test results provide substantial evidence supporting the ALJ's determination that Plaintiff does not meet Listing 2.10.

Regarding Listings 12.02 and 12.04, the severity requirements are set forth in paragraphs "B" and "C" of the listing. 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00A. The paragraph "B"

criteria are: "1. *Understand, remember, or apply information (paragraph B1)*"; "2. *Interact with others (paragraph B2)*"; "3. *Concentrate, persist, or maintain pace (paragraph B3)*"; and "4. *Adapt or manage oneself (paragraph B4)*". 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00E1-4. These four areas of mental functioning are evaluated on the following five-point rating scale:

> a. *No limitation (or none)*. You are able to function in this area independently, appropriately, effectively, and on a sustained basis.
>
> b. *Mild limitation*. Your functioning in this area independently, appropriately, effectively, and on a sustained basis is slightly limited.
>
> c. *Moderate limitation*. Your functioning in this area independently, appropriately, effectively, and on a sustained basis is fair.
>
> d. *Marked limitation*. Your functioning in this area independently, appropriately, effectively, and on a sustained basis is seriously limited.
>
> e. *Extreme limitation*. You are not able to function in this area independently, appropriately, effectively, and on a sustained basis.

20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00F2a-e. To satisfy the paragraph "B" criteria for Listings 12.02 and 12.04 a claimant's mental disorder must result in extreme limitation of one, or marked limitation of two, of the four areas of mental functioning. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00F2, Listing 12.02 neurocognitive disorders, and Listing 12.04 depressive, bipolar, and related disorders.

Contrary to Plaintiff's assertion, the ALJ did consider the test results and diagnostic opinions expressed in the July 2014 report of psychological examiner Michael H. Cecil, Psy.D., HSPP (DN 51-52, 54). But the ALJ also considered the test results, diagnostic opinions, and functional opinion set forth in the January 2015 report of psychiatric examiner Timothy Allen,

M.D. (Tr. 51-52, 55, 59, 702-11). The ALJ noted that by January 2015, Plaintiff's memory and executive function were found to be at or above the expected range and a subsequent examination showed only mild to moderate deficits in short-term memory (Tr. 52, 710, 427). Further, the ALJ noted that Plaintiff reported to medical or psychological sources that he was able to perform personal care, drive, shop, cook, and pay bills (Tr. 52, 704, 426, 783).

The state agency reviewing psychologists, Julie Bruno, Psy.D, and Janet Telford-Tyler, Ph.D., reviewed the evidence in the record and concluded that Plaintiff's mental impairments do not cause more than mild or moderate limitations in the four areas of mental functioning known as the paragraph "B" criteria (Tr. 141-42, 158). They also determined the evidence did not establish the presence of the "C" criteria because Plaintiff had not shown repeated episodes of decompensation, had not shown decompensation as a result of minimally increased stress, and does not require a highly supportive environment to maintain functional level (Tr. 143, 158-59). The opinions of Drs. Bruno and Telford-Tyler along with other evidence of record cited by the ALJ provide substantial evidence to support the ALJ's determination that Plaintiff does not satisfy the paragraph "B" or "C" criteria for Listings 12.02 and 12.04 (Tr. 51-52).

In sum, the ALJ's findings regarding Listings 1.04, 2.10, 12.02, and 12.04 are supported by substantial evidence in the record and comport with applicable law.

4. Discussion as to Finding No. 5

Finding No. 5 sets forth Plaintiff's RFC (Tr. 52-53). This finding is the ALJ's ultimate determination of what Plaintiff can still do despite his physical and mental limitations. 20 C.F.R. §§ 404.1545(a), 404.1546(c), 416.945(a), 416.946(c). This finding based on a consideration of medical source statements and all other evidence in the case record (Tr. 52-59). 20 C.F.R. §§

404.1529, 404.1545(a)(3), 404.1546(c), 416.929, 416.945(a), 416.946(c). Thus, in making the RFC finding the ALJ assigned weight to the medical source statements in the record and assessed Plaintiff's subjective allegations (Tr. 52-59). 20 C.F.R. §§ 404.1527(c), 404.1529(a), 416.927(c), 416.929(a).

Beginning with the assessment of Plaintiff's subjective allegations, the ALJ provided an accurate summation of Plaintiff's testimony and his written responses in the Pain and Daily Activities Questionnaire (Tr. 53). Plaintiff must be mindful that his statements regarding his symptoms and limitations will not, taken alone, establish that he is disabled; there must be medical signs and laboratory findings that show the existence of medical impairments that could reasonably be expected to give rise to the symptoms and limitation alleged. 20 C.F.R. §§ 404.1529(a), 416.929(a). The ALJ determined that Plaintiff's alleged symptoms and limitations were not entirely consistent with the objective medical evidence (Tr. 53). *See* Duncan v. Sec'y of Health & Human Servs., 801 F.2d 847, 853 (6th Cir. 1986). As Plaintiff's statements about his symptoms and limitations suggested impairments of greater severity than are shown by objective medical evidence, it was appropriate for the ALJ to consider other information and factors that may be relevant to assessing Plaintiff's subjective allegations. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

One of the factors the ALJ considered was Plaintiff's level of daily activity (Tr. 52, 53-59). 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i); Bogle v. Sullivan, 998 F.2d 342, 348 (6th Cir. 1993); Blacha v. Sec'y of Health & Human Servs., 927 F.2d 228, 231 (6th Cir. 1990). Specifically, the ALJ noted that Plaintiff reported being able to drive, buy food, perform care, prepare simple meals, do laundry, and play computer games (Tr. 54). The ALJ also noted that

during the February 2016 consultative psychological examination by G. Stephen Perry, Ed.D., Plaintiff reported being able to perform personal care, drive, travel independently, perform light chores such as laundry, play computer games, prepare simple meals, and manage money (Tr. 56, 426). The ALJ observed that the consultative medical source statement prepared by Dr. Sexton in November 2014[1] (Tr. 700), Dr. Allen in January 2015[2] (Tr. 703), Dr. Grau in October 2015[3] (Tr. 776), and Dr. Sprague in July 2016[4] (Tr. 782) indicated that Plaintiff reported having returned to work in November 2014 and continued to work since that time (55-57). The ALJ also observed that during Dr. Lopez-Suescum's consultative physical examination in January 2016, Plaintiff reported he was able to sit for four hours and stand for one hour (Tr. 58, 420). Another factor the ALJ considered was the frequency that Plaintiff sought treatment for his physical and mental conditions (Tr. 53-59). 20 C.F.R. §§ 404.1529(c)(3)(v) and 416.929(c)(3)(v). An additional factor that the ALJ considered is conflicts between Plaintiff's statements and the rest of the evidence in the record (Id.). 20 C.F.R. §§ 404.1529(c)(4) and 416.929(c)(4).

      Plaintiff has raised some challenges that warrant discussion at this point. First, Plaintiff objects to the ALJ relying on statements by Drs. Sexton, Allen, Grau, and Sprague indicating Plaintiff was still working at the time of their consultative examinations (DN 17 PageID # 900). The ALJ utilized the statements in assessing Plaintiff's subjective statements about his symptoms and limitations (Tr. 53-59). Notably, Plaintiff substantiates his objection with payroll time

---

1 Dr. Sexton indicated that Plaintiff reported returning to work the last week of October 2014 but was currently on suspension without pay until December 1, 2014 due to breaking a rule (Tr. 700).
2 Dr. Allen stated that "[h]e returned to work in November 2014 and worked every day since" (Tr. 703).
3 Dr. Grau commented that Plaintiff returned to work in November and "has worked since that time" (Tr. 776).
4 Dr. Sprague stated "[h]e returned to work in November 2014 and worked every day since" (Tr. 782).

records he submitted to the Appeals Council (Tr. 6-12). The records show March 14, 2015 is the last day he worked.

For the reasons explained below, the Court cannot consider the payroll time records in responding to Plaintiff's objection. Equally disturbing, by asserting March 14, 2015 is the last day he worked, Plaintiff fundamentally undermines his efforts to demonstrate July 1, 2014 is the onset date of his disability. Moreover, Plaintiff fails to appreciate that Drs. Sexton and Allen conducted their consultative examinations prior to March 14, 2015. Therefore, the ALJ appropriately considered their statements about Plaintiff still working when he assessed Plaintiff's subjective statements about his symptoms and limitations (Tr. 53-59).

The analysis becomes more complicated because Drs. Grau and Sprague performed examinations after March 14, 2015, and Plaintiff's objection is based on payroll time records that were not in the record when the ALJ issued his decision. Plaintiff submitted the payroll time records to the Appeals Council in support of his request for review (Tr. 6-12). As the Appeals Council considered this new evidence, but declined review, this Court cannot consider the payroll time records in deciding whether to uphold, modify, or reverse the ALJ's decision which is final decision of the Commissioner. *See* Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993). The Court did consider the payroll records for the limited purpose of assessing whether to remand the case pursuant to sentence six of 42 U.S.C. § 405(g), but concluded it would not be appropriate.[5] *See* 42 U.S.C. § 405(g); *see*

---

5 The payroll time records would not be considered "new" evidence because they were in existence for more than two years and available at the time of the administrative proceeding. *See* Sullivan v. Finkelstein, 496 U.S. 617, 626 (1990); Ferguson v. Comm'r of Soc. Sec., 628 F.3d 269, 276 (6th Cir. 2010); Foster v. Halter, 279 F.3d 348, 357 (6th Cir. 2001). Further, the records would not be considered "material" because the ALJ identified several other

*also*, Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Faucher v. Sec'y of Health & Human Servs., 17 F.3d 171, 174-175 (6th Cir. 1994). Additionally, the ALJ identified several other daily activities that are inconsistent with Plaintiff's subjective statements. These other daily activities constitute substantial evidence to support the ALJ's finding that the level of Plaintiff's daily activities is inconsistent with his subjective statements about symptoms and limitations imposed by his impairments.

Next, Plaintiff objects to the ALJ's statement about what Plaintiff reported to Dr. Lopez-Suescum during a consultative examination in January 2016 (DN 17 PageID # 905). In the context of assigning weight to Dr. Brown's March 2016 opinion, the ALJ noted the limitations expressed by Dr. Brown were inconsistent with the limitations that Plaintiff reported during an examination in January 2016 (Tr. 58). Specifically, the ALJ stated "[h]owever, at an examination in January 2016, the claimant reported he was able to sit for four hours and stand for one hour (3F/3)" (Tr. 58). The ALJ is referring to the January 2016 report of Dr. Lopez-Suescum (Tr. 58, 480). In pertinent part it reads, "[h]e says he is able to sit for four hours and stand for one hour" (Tr. 420). Thus, contrary to Plaintiff's assertion, the ALJ accurately set forth what is set forth in Dr. Lopez-Suescum's report. Plaintiff also argues this is not something he would ever say (DN 17 PageID # 905). Essentially, Plaintiff is asking the Court to resolve a conflict in the evidence or decide a question of credibility. The Court declines to do so because such determinations are

---

daily activities that were inconsistent with Plaintiff's subjective statements regarding his symptoms and limitations. *See* Ferguson, 628 F.3d at 276; Sizemore v. Sec'y of Health & Human Servs., 865 F.2d 709, 711 (6th Cir. 1988). Additionally, the ALJ only accorded partial weight to the opinions expressed by Drs. Grau and Sprague (Tr. 57-59). And, finally, Plaintiff has not demonstrated "good cause" for failing to acquire and present the new evidence to the ALJ. *See* Foster v. Halter, 279 F.3d 348, 357 (6th Cir. 2001).

beyond the scope of a substantial evidence review. *See* Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)). In sum, Plaintiff's objection is without merit.

Returning to the assessment of Plaintiff's subjective statements, the ALJ found from the medical record and Plaintiff's testimony that Plaintiff does not suffer symptoms and limitations to the extent he testified. The ALJ's findings are supported by substantial evidence and comport with applicable law.

Plaintiff also objects to the ALJ's assignment of weight to the January 2016 report of neuropsychological examiner Dennis Sprague, Ph.D., (Tr. 780-90). As mentioned above, Dr. Sprague indicates Plaintiff "returned to work in November 2014 and worked every day since" (Tr. 782). The ALJ's analysis reads:

> In July 2016, Dr. Sprague opined that the claimant did not have the psychological capacity to work at that time (23F/11-12). This opinion is given little weight because it is vague as to the claimant's specific functional limitations and is not consistent with the claimant's report that he was actually working at that time (23F/3). Additionally, it is not clear that this was intended to be a permanent restriction as Dr. Sprague estimated that treatment would last approximately six months (23F/12).

(Tr. 59). Plaintiff again relies on the payroll time records to challenge the ALJ's assignment of weight to Dr. Sprague's opinion. For the reasons set forth above, the Court cannot consider the payroll time records in assessing whether substantial evidence supports the ALJ's assignment of weight to Dr. Sprague's opinion. However, the Court notes that the other reasons articulated by the ALJ provide substantial evidence to support his assignment of weight to Dr. Sprague's opinion. Further, to the extent Plaintiff may be challenging the ALJ's assignment of weight to the other

17

medical opinions in the record, the ALJ's findings are supported by substantial evidence in the record and comport with applicable law (Tr. 57-59).  See Gayheart v. Comm'r of Soc. Sec., 710 F.3d 365, 375-76 (6th Cir. 2013); 20 C.F.R. §§404.1527(c), 416.927(c).

## ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that judgment is **GRANTED** for the Commissioner.

May 5, 2020

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

Copies:    Jeffrey Scott McIntosh, *pro se*
           Counsel